UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allstate Fire and Casualty Insurance Company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Pedro Lopez-Villasenor; Richard A. Harvey; Treiton Maybee; et al.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-01192-JCM-DJA<br><br>**Order** |

　　　　Before the Court is Plaintiff Allstate Fire and Casualty Insurance Company's motion to extend discovery deadlines. (ECF No. 64). Allstate explains that an extension is necessary because it needs to conduct additional depositions that it has had difficulty scheduling, in part because Defendant Pedro Lopez-Villasenor is incarcerated. (*Id.*). Lopez-Villasenor filed a response to the motion, not opposing the request to extend. (ECF No. 65). No other party responded to the motion, constituting their consent to the Court granting it under Local Rule 7-2(d). Here, the Court finds that Allstate has demonstrated good cause to extend the discovery deadlines. *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-3. The Court thus grants the motion.

　　　　Also before the Court is Allstate's motion to take the deposition of Lopez-Villasenor (ECF No. 62) and errata to that motion correcting the place of Lopez-Villasenor's incarceration (ECF No. 63). No party responded to the motion, again constituting their consent to the Court granting it under Local Rule 7-2(d). Under Federal Rule of Civil Procedure 30(a)(2)(B) a party seeking to depose a witness in custody must obtain leave of court. "The Court 'must grant leave to the extent consistent with Rule 26(b)(1) [defining the scope of relevant discovery] and (2) [granting the Court discretion to limit discovery under some circumstances].'" *Medina v. County of Los Angeles*, No. 2:21-cv-05554-DMG-KESx, 2022 WL 16847547, at \*3 (C.D. Cal. Oct. 4, 2022) (citing Fed. R. Civ. P. 30(a)(2)). "The circumstances addressed in Rule 26(b)(2) are

(1) whether the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; (2) whether the party seeking the discovery has had ample opportunity to obtain the information; and/or (3) whether the discovery falls outside the scope of discovery permitted by Rule 26(b)(1)." *Id.* "Other courts considering motions to depose incarcerated persons under Rule 30(a)(2)(B) have considered whether the requested deposition[:] (1) is relevant and proportional to the needs of the case per Rule 26(b)(1)[;] and (2) implicates any of the concerns listed in Rule 26(b)(2)." *Id.* (citing *Becker v. OSB Inv., LLC*, No. 2:19-mc-00032-MWF, 2019 WL 12381108, at *1-2 (C.D. Cal. Apr. 5, 2019) and *Griffin v. Johnson*, No. 1:13-cv-01599, 2016 WL 4764670, at *1-2 (E.D. Cal. Sep. 12, 2016)).

The Court grants Allstate's motion to depose Lopez-Villasenor. Allstate has sought leave to depose Lopez-Villasenor and has explained that the deposition is necessary to the preparation of its case. The Court also does not find, and Lopez-Villasenor does not argue, that the proposed deposition implicates the concerns outlined in Rule 26(b)(2).

**IT IS THEREFORE ORDERED** that Allstate's motion to extend time (ECF No. 64) is **granted.** The following deadlines shall govern discovery:

| | |
|---|---|
| Discovery cutoff: | May 13, 2025 |
| Dispositive motions: | June 12, 2025 |
| Pretrial order: | July 14, 2025[1] |

**IT IS FURTHER ORDERED** that Allstate's motion to depose Lopez-Villasenor (ECF No. 62) is **granted.** The Pioche Conservation Camp shall allow for the deposition of Pedro Lopez-Villasenor at a date and time that is mutually convenient for the parties and the institution,

---

[1] The Court moves this deadline so that it does not fall on a weekend. Additionally, under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.

but no later than **March 24, 2025.** Allstate must contact the Pioche Conservation Camp to schedule the deposition.

DATED: January 23, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE